IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| WILLIAM M. SMITH, | ) |
| | ) 3: 12-cv-00122-PK |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEPUTY MARSHALL, et al., | ) ORDER |
| | ) |
| Defendants. | ) |

PAPAK, Magistrate Judge.

Plaintiff in this prisoner civil rights action filed a motion to voluntarily dismiss his complaint without prejudice and seeks an order from the Court "tolling the statute of limitations for a period of 180 days, so that [he] may file his amended complaint without compromising potential new claims which were accidently omitted from [his] original complaint." Plaintiff's Motion to Voluntarily Dismiss Claims [47] at 1. Defendants oppose dismissal of this action **without** prejudice on the basis that they filed a timely motion for summary judgment, fully briefing the legal issues

1 - ORDER

in this case, and that they would be prejudiced by plaintiff's suggested course of action. Defendant's Response [53] at 1-2.

Plaintiff indicates that given his limited access to the prison library (5 to 7 hours per week) he does not have sufficient time to work on both his direct criminal appeal and this civil rights action.[1] Affidavit of William M. Smith [48] at 2. It is clear from plaintiff's motion and affidavit that intends only to delay the litigation of his claims against defendants.

A plaintiff is entitled to voluntary dismissal without prejudice before the opposing party serves either an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1). However, once an answer or motion for summary judgment has been served, an action may be dismissed at plaintiff's request only by court order. Fed.R.Civ.P. 41(a)(2). The decision to dismiss under this rule is left to the sound discretion of the district court and it will not be disturbed on appeal absent an abuse of discretion. Stevedoring Services of America v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1987).

Here, defendants filed a timely motion for summary judgment on July 3, 2012. Granting plaintiff's voluntary motion to dismiss without prejudice in order to extend the time he has to research the issues in his case and add new claims is unwarranted and would

---

[1] The Court notes plaintiff states he is represented by an attorney on direct appeal.

2 - ORDER

prejudice the defendants. Accordingly, plaintiff's Motion [47] is denied. Plaintiff is advised that his response to defendants' motion for summary judgment is due by August 19, 2012, but that he may file a motion for extension of time if necessary.

With regard to Plaintiff's suggestion that he will move the Court for leave to file an amended complaint, he is further advised as follows. Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend pleadings, provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be provided **unless** the opposing party makes a showing of undue delay, bad faith or dilatory motive, futility of amendment, or prejudice. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989)(emphasis added).

## CONCLUSION

Based on the foregoing, Plaintiff's Motion [47] to Voluntarily Dismiss Without Prejudice is DENIED. Plaintiff's response to defendants' motion for summary judgment is due by August 19, 2012.

IT IS SO ORDERED.

DATED this 31ST day of July, 2012.

Paul Papak
United States Magistrate Judge

3 - ORDER